The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KALILU TOURAY,

       Plaintiff,

v.

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION,

       Defendant.

Civil Action No. 3:21-cv-5407-BJR

ORDER GRANTING IN PART
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DISMISSING
REMAINING STATE LAW CLAIMS

## I.   INTRODUCTION

Plaintiff Kalilu Touray brings this race discrimination lawsuit against Defendant Burlington Coat Factory Warehouse Corporation ("Defendant"). He asserts one federal law claim under 42 U.S.C. § 1981 and two state law claims under Washington's Civil Rights Act (RCW 49.60.030) and Consumer Protection Act (RCW 19.86.020). Defendant moves for summary judgment on all three claims; Plaintiff opposes the motion. Dkt. Nos. 12 & 16. Having reviewed the motion, the opposition thereto, the record of the case, and the relevant legal authority, the Court will dismiss the federal law claim and decline to exercise supplemental jurisdiction over the remaining state law claims. The reasoning for the Court's decision follows.

## II.    BACKGROUND

The following facts are presented in the light most favorable to Mr. Touray, the non-moving party. Mr. Touray is a black man, a Gambian national, and employed in law enforcement. Dkt. No. 16 at 4; Dkt. No. 1 at ¶ 2.4. On the afternoon of June 3, 2019, he entered Defendant's store to shop for shoes. Dkt. No. 1 at ¶ 2.1. Mr. Touray alleges that as he walked through the store's aisles, he was followed by a store employee, and when he removed a pair of shoes from the rack to examine them, the employee approached him and instructed him to leave the store. *Id.* at ¶ 2.2. The employee accused Mr. Touray of having previously come into the store to steal merchandise. ¶ 2.3. Mr. Touray informed the employee that she had mistaken him for someone else and that he had not stolen anything. ¶ 2.3. The employee did not believe him and continued to insist that he was there to steal merchandise. ¶ 2.4. Mr. Touray then "pulled out his wallet to show [the employee] his law enforcement identification", at which point the employee "began backing up and apologizing." ¶ 2.5. The employee claims that once she realized she had misidentified Mr. Touray, she informed him that "he was free to continue shopping" and walked away. Dkt. No. 14 at ¶ 9.

Thereafter, Mr. Touray approached a store manager to tell her what had happened, and the manager responded that "she would take care of the issue." Dkt. No. 1 at ¶ 2.6. Mr. Touray alleges that he "felt embarrassed and humiliated due to this racial profiling and the public scene the employee created with her false accusations" and that as a result, "[h]e left the store without purchasing anything." ¶ 2.7.

## III.    LEGAL STANDARD

"The standard for summary judgment is familiar: 'Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no

genuine dispute as to any material fact.'" *Zetwick v. County of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (quoting *United States v. JP Morgan Chase Bank Account No. Ending 8215*, 835 F.3d 1159, 1162 (9th Cir. 2016)). A court's function on summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If there is not, summary judgment is warranted.

## IV.    DISCUSSION

As stated above, Mr. Touray brings three claims for race discrimination, one pursuant to 42 U.S.C. § 1981, and two based on Washington law.

### A.    42 U.S.C. § 1981

Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishments, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981. The rights protected by section 1981 are protected from impairment by both "nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c).

Courts apply the *McDonnell Douglas* burden-shifting framework to section 1981 claims. *Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1144 (9th Cir. 2006). Under this framework, if Mr. Touray establishes a prima facie case of racial discrimination, then the burden shifts to Defendant to establish that it had a legitimate, non-discriminatory reason for its actions. *Id*. If Defendant meets that burden, then the burden shifts back to Mr. Touray to demonstrate that the non-discriminatory reason identified by Defendant was mere pretext for intentional discrimination. *Id*. To establish a prima facie case of racial discrimination under section 1981, Mr. Touray must

establish that he (1) "is a member of a protected class;" (2) "attempted to contract for certain services;" and (3) "was denied the right to contract for those services." *Lindsey*, 447 F.3d at 1145 (citing *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 872 (6th Cir. 2001)).[1] Defendant concedes that Mr. Touray is a member of a protected class but argues that he cannot establish a prima facie case of racial discrimination because the uncontroverted evidence demonstrates that Mr. Touray did not attempt to make a purchase at the store, nor was he denied the right to make such a purchase.

This Court agrees with Defendant. "Section 1981 'applies to those situation in which a merchant, acting out of racial animus, impedes a customer's ability to enter into, or enjoy the benefits of, a contractual relationship.'" *Clark v. Safeway, Inc.*, 478 F. Supp. 3d 1080, 1088 (D. Or. 2020) (quoting *Brown v. Mydatt Services, Inc.*, 2008 WL 1925041, at *4 (D. Or. Apr. 28, 2008)). "The Ninth Circuit has not established the parameters of the minimum showing necessary to demonstrate an attempt to make a contract in non-employment context." *Id*. However, other Circuits have addressed the issue. For instance, the First Circuit has held that to state a claim for a section 1981 violation, "a retail customer must allege that he was actually denied the ability either to make, perform, enforce, modify, or termination a contract, or to enjoy the fruits of a contractual relationship." *Garrett v. Tandy Corp.*, 295 F.3d 94, 100-01 (1st Cir. 2002) (noting that in "a society in which shoplifting and vandalism are rife", surveillance of a customer does not rise to the level of a section 1981 action if it "neither crosses the line into harassment nor impairs a shopper's ability to make and complete purchases"). The Tenth Circuit has held that there "must

---

[1] There is a dispute among the Circuits as to whether a plaintiff must also establish that the services to which he was denied "were made available to others outside the protected class." *Lindsey*, 447 F.3d at 1145. The Ninth Circuit has not yet weighed in on this issue. *Id*. For the reasons stated *infra*, it is also not necessary for this Court to reach the issue.

have been interference with a contract beyond the mere expectation of being treated without discrimination while shopping." *Hampton v. Dillard Dep't Stores, Inc*., 247 F.3d 1091, 1117-18 (10th Cir. 2001). And the Fifth and Seventh Circuits have required that a plaintiff must establish more than just interference with a speculative or prospective contract interest. *See Morris v. Office Max, Inc.*, 89 F.3d 411, 414-15 (7th Cir. 1996) (rejecting plaintiff's § 1981 claim asserting that a merchant interfered with his "prospective contractual relations" where the plaintiff had completed a purchase prior to being detained, despite the fact that the plaintiff was examining additional goods with intent to purchase at the time he was detained); *Morris v. Dillard Dep't Stores, Inc*., 277 F.3d 743, 752 (5th Cir. 2001) (holding that plaintiff must offer "evidence of some tangible attempt to contract").

This Court is persuaded by the reasoning of the foregoing Circuit Courts and concludes that to establish a prima facie case of discrimination under section 1981, at a minimum, a retail plaintiff must have attempted to contract with the store. Merely entering the store to shop is not sufficient. *See Brown v. Mydatt Services, Inc*., 2008 WL 1925041, *5 (D. Ore. April 8, 2008) ("[A] contract is not created between a patron and a retail establishment merely by virtue of physically crossing the threshold onto the [store's] property."). Mr. Touray cannot satisfy this minimum requirement. To the contrary, his own testimony establishes that he did not attempt to make a purchase at the store. Dkt. No. 13, Ex. 2 Response to Request for Admission No. 13 ("I admit that after I was harassed and treated in a discriminatory fashion, I did not attempt to make a purchase at the register."). He further concedes that Defendant did not prohibit him from making a purchase. *Id*. at Response to Request for Admission No. 12 ("I admit that no [Defendant] employee refused to sell me something that I sought to purchase."); *see also* Declaration of Taylor Kamp, Dkt. No. 14 at ¶ 9 (testifying that she "told [Mr. Touray] that he was free to

5

continue shopping" after she realized she had misidentified him). Instead, Mr. Touray admits that he left the store of his own accord because he "felt embarrassed and humiliated." Dkt. No. 1 at ¶ 2.7; Dkt. No. 16, Ex. 5 at ¶ 15 ("I wanted to complete a purchase but felt targeted, harassed, and humiliated because of my race and felt that it was not possible to complete a transaction there, so I left the store and later ended up purchasing dress shoes and a suit at another store.").

While the Court regrets the embarrassment and humiliation Mr. Touray experienced, as other courts have found, such experiences are not sufficient to establish discrimination under section 1981. *See Clark*, 478 F. Supp. 3d at 1090 (holding that "conduct that discouraged or dissuaded the plaintiff from making a purchase" is insufficient to establish a prima facie case under section 1981); *Morris*, 89 F.3d at 414 (rejecting customer's section 1981 claim based on allegations that he left the store without making a purchase because he was dissuaded from doing so after he was approached by police in the store for alleged shoplifting); *Jackson v. Tyler's Dad's Place, Inc*., 850 F. Supp. 53, 56 (D.D.C. 1994) (rejecting restaurant customers' section 1981 claim because the customers did not attempt to order food after customers were allegedly dissuaded from dining at restaurant by discriminatory behavior). Thus, viewing the evidence in the light most favorable to Mr. Touray, this Court concludes that he cannot establish a prima facie case of discrimination under section 1981 and the claim must be dismissed.

Under 28 U.S.C. § 1367, a federal court may decline to exercise supplemental jurisdiction over the state law claims in a case if "the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). Given that dismissal of the only federal claim in this lawsuit is warranted and given that this case is still in the nascent stages (*e.g*., the discovery deadline is still months away), the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

**V.      CONCLUSION**

For the foregoing reasons, the Court HEREBY GRANTS in part Defendant's summary judgment motion as the 42 U.S.C. § 1981 claim and DISMISSES this matter pursuant to 28 U.S.C. § 1367(c)(3).

Dated this 21st day of December 2021.

Barbara      Jacobs      Rothstein
U.S. District Court Judge